# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO R. LOZANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. |
| v. | ) 14-13123-FDS |
| | ) |
| SUFFOLK SUPERIOR COURT; | ) |
| TRANSCRIPTION SERVICES | ) |
| ADMINISTRATION; WELLS FARGO | ) |
| BANK, N.A.; and FREDDIE MAC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTION TO DISMISS

**SAYLOR, J.**

This is an action arising out of state-court litigation. Plaintiff Mario R. Lozano, proceeding *pro se*, alleges that the defendants violated his civil rights and a Massachusetts state law by tampering with or otherwise altering certain transcripts of state court proceedings. Defendants Suffolk Superior Court and the Office of Transcription Services have moved to dismiss the complaint on jurisdictional grounds.[1]

Under the Eleventh Amendment to the United States Constitution, "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The guarantee applies equally to any agency or department of the state. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Suffolk

---

[1] Plaintiff filed both an original complaint and an amended complaint, and both defendants moved to dismiss each complaint in turn. Plaintiff filed the amended complaint nearly four months after the original complaint, without having moved to amend. Accordingly, this memorandum and order applies to the first complaint and the corresponding motion to dismiss.

Superior Court and the Office of Transcription Services are both arms of the state, and neither has consented to suit.[2] Therefore, neither can properly be subject to the jurisdiction of this Court.

Accordingly, the motion to dismiss by defendants Suffolk Superior Court and Office of Transcription Services is GRANTED.

**So ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: January 8, 2015                     United States District Judge

---

[2] Lozano's complaint directly identifies the Office of Transcription Services as an agency of the Massachusetts state government. Further, it does not allege any form of consent by either Suffolk Superior Court or the Office of Transcription Services.