# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **MARIO R. LOZANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No.** |
| **v.** | ) | **14-13123-FDS** |
| | ) | |
| **SUFFOLK SUPERIOR COURT,** | ) | |
| **TRANSCRIPTION SERVICES** | ) | |
| **ADMINISTRATION, WELLS FARGO** | ) | |
| **BANK, N.A., and FREDDIE MAC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is an action arising from a homeowner's default on a home loan and the resulting mortgage foreclosure.  Plaintiff Mario R. Lozano, proceeding *pro se*, alleges that the defendants violated his civil rights and Massachusetts state law by conspiring to tamper with or otherwise alter certain transcripts of state court proceedings.

The amended complaint asserts various causes of action, including constitutional and civil rights violations (Counts One, Three, Four, and Five); federal and state criminal violations (Count Two); and Massachusetts common-law claims for intentional infliction of emotional distress (Count Six), intentional infliction of mental anguish (Count Seven), and unjust enrichment (Count Eight).  The remaining defendants in this case are Wells Fargo Bank, N.A. and the Federal Home Loan Mortgage Corporation.

For the following reasons, defendants' motion to dismiss will be granted.

I.  **Background**

    A.    **Factual Background**

The facts are set forth as alleged in the amended complaint.

In 2004, Mario Lozano obtained a loan and granted a mortgage on a property at 54 Bicknell Street in Dorchester, Massachusetts.  (Am. Compl. 28).  The mortgage was subsequently assigned to defendant Wells Fargo.  At some point in 2008 or 2009, Lozano became unable make the full monthly payments due on the mortgage and the loan went into default.  The complaint alleges that although the loan was in default, Wells Fargo did not attempt to foreclose on the mortgage for a period of several years.  (Am.  Compl. 45).  According to the complaint, Lozano continued to manage and improve the property following his default, and those improvements resulted in an increase in the property's value.  (*Id.*).  In 2012, Wells Fargo initiated foreclosure proceedings.  Lozano then filed a civil action in Suffolk Superior Court challenging the foreclosure.

Lozano claims that during the state court litigation, court transcripts were altered and docket entries falsified so as to provide a false basis for court orders in favor of Wells Fargo and Freddie Mac.  (*Id.* at 3, 9).[1]

After the conclusion of the Superior Court action, Lozano filed a complaint with this Court against defendants Suffolk Superior Court, the Office of Transcription Services, Wells Fargo Bank, and Freddie Mac.  The complaint alleges that defendants violated Lozano's civil rights by conspiring to alter transcripts of Superior Court hearings in order to facilitate obtaining several illegal court orders and judgments against him.

---

[1]  The complaint does not indicate the outcome of the state court litigation, but it is apparent that it was not favorable to Lozano.

**B.** **Procedural Background**

On July 25, 2014, Lozano filed the original complaint in this action against named defendants Suffolk Superior Court, the Office of Transcription Services, Wells Fargo Bank, and Freddie Mac.  On March 26, 2015, the Court dismissed the claims against Suffolk Superior Court and the Office of Transcription Services for lack of jurisdiction.  The Court permitted Lozano to file an amended complaint, which he filed on June 1, 2015.

The amended complaint asserts eight counts against defendants Wells Fargo and Freddie Mac.  Count One asserts violations of 42 U.S.C. § 1985(2) and §1985(3).  Count Two asserts violations of federal and state criminal statutes prohibiting tampering with evidence.  Counts Three and Four assert general claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  Count Five asserts an additional civil rights claim under 42 U.S.C. § 1983.  Count Six asserts a state law tort claim for intentional infliction of emotional distress.  Count Seven asserts a separate claim for intentional infliction of mental anguish.  Count Eight asserts a claim for unjust enrichment.

The amended complaint also purports to assert claims against Suffolk Superior Court and the "Transcription Services Administration," presumably the Massachusetts Office of Transcription Services.

On June 18, 2015, Wells Fargo and Freddie Mac jointly moved to dismiss all claims against them under Fed. R. Civ. P. 12(b)(6).  Lozano filed an opposition to defendants' motion on June 30, 2015.

**II.** **Legal Standard**

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom."  *Ruiz v. Bally Total Fitness*

3

*Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

A document filed by a *pro se* party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

III.   **Analysis**

A.     **42 U.S.C. § 1985(2) and §1985(3) (Count One)**

Count One of the amended complaint actually alleges two similar but separate causes of action under 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3).  Section 1985(2) concerns access to state courts, creating a cause of action where "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any

State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2).  Similarly, a claim under § 1985(3) requires proof of both a conspiracy and "a conspiratorial purpose to deprive the plaintiff of the equal protection of the laws."  *Perez–Sanchez v. Pub. Bldg. Auth.*, 531 F.3d 104, 107 (1st Cir. 2008) (citing *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996)).[2]

Both § 1985(2) and § 1985(3) require the complaint to plead that a race or class-based discriminatory motive lies behind the alleged conspirators' actions.  *See Kush v. Rutledge*, 460 U.S. 719, 725–26 (1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971)).

Defendants contend that the amended complaint fails to meet this requirement.  It is true that the complaint fails to allege any facts in Count One establishing that the plaintiff is a member of a protected class or has suffered class-based discrimination.  Yet in Count Five, the complaint does allege that "all . . . parties involved are Caucasians" and that defendants "utilized the solidarity of [r]ace and [e]thnicity" in violating Lozano's civil rights.  (Am. Comp. 35).  Keeping in mind the lower standards applied to *pro se* complaints under *Erickson*, this Court finds that the complaint, though disorganized, does allege both that Lozano is a member of a protected class and that defendants' actions were motivated by racial animus.

However, even under *Erickson*, the complaint fails to allege with specificity facts that, if true, would support a finding of a conspiracy.  Although the general thrust of the complaint alleges that Wells Fargo and Freddie Mac conspired with the Suffolk Superior Court and the Office of Transcription Services to alter transcripts in the state court case between the parties, Am. Compl. 34, those allegations are conclusory and the Court is not required to credit them.  *See Twombly*, 550 U.S. at 555 (plaintiff's obligation under Fed. R. Civ. P. 8(a) to provide the

---

[2] A claim under § 1985(3) also requires proof of "an overt act in furtherance of the conspiracy" and "injury to person or property, or a deprivation of a constitutionally protected right."  *Perez–Sanchez*, 531 F.3d at 107.

grounds of his claim "requires more than labels and conclusions"); *Dallas v. Holmes*, 137 Fed. Appx. 746, 752 (6th Cir. 2005) (*per curiam*) (upholding dismissal under 28 U.S.C. § 1915(e)(2)(B) of claims under § 1983 that private individuals conspired with law enforcement to perpetrate malicious prosecution: "Other than general allegations of conspiracy to cause and influence a wrongful criminal prosecution, Plaintiffs make no allegations of joint, concerted activity to deprive [plaintiff] of his civil rights."). Count One will therefore be dismissed.

### B.      18 U.S.C. § 1506 and Mass. Gen. Laws ch. 268 § 13E (Count Two)

In Count Two, the complaint asserts a claim for violations of 18 U.S.C. § 1506 and Mass. Gen. Laws ch. 268 § 13E.[3]  18 U.S.C. § 1506 is a federal criminal statute prohibiting the alteration of a record in a United States court.  Mass. Gen. Laws ch. 268 § 13E is a state criminal statute prohibiting the unauthorized alteration of a court record.

There is no private right of action for an alleged violation of 18 U.S.C. § 1506.  *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.) *aff'd*, 350 F. App'x 605 (3d Cir. 2009); *Hamilton v. Reed*, 29 Fed. App'x 202, 204 (6th Cir. 2002) (not reported).  Nor may private parties bring claims to enforce Massachusetts criminal laws.  *Morissette v. Superintendent of MCI Cedar Junction*, 2014 WL 3896722, at *3 (D. Mass. Aug. 7, 2014).  Count Two will therefore be dismissed.

### C.      Fourteenth Amendment Due Process Clause (Count Three) and Equal Protection Clause (Count Four)

In Counts Three and Four, the complaint brings direct claims under the Due Process and Equal Protection Clauses of the United States Constitution.  However, "there is no direct cause of action under the Fourteenth Amendment, and § 1983 must be employed to bring such a

---

[3] Although Count Two cites to Mass. Gen. Laws ch. 268 § 13, it appears from the text that plaintiff intended to allege a violation of § 13E.

claim." *Schomburg v. Johnson*, 2009 WL 799466, at *2 (D. Mass. Mar. 25, 2009); *Sires v. Hefferman*, 2011 WL 2516093, at *5 (D. Mass. June 21, 2011) (citing *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.")).  Counts Three and Four will therefore be dismissed.

### D.        42 U.S.C. § 1983 (Count Five)

Count Five asserts a cause of action under 42 U.S.C. § 1983.  Section 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations.  *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013).  "A claim under § 1983 has two 'essential elements':  the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." *Gagliardi*, 513 F.3d at 306 (quoting *Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997).

Defendants contend that the complaint does not establish the first element, namely, that their conduct was taken under color of state law.  However, although § 1983 ordinarily does not create a right of action against private parties, private conduct may be deemed to be "under color of state law" when it is "fairly attributable" to the state.  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).  Private conduct may be attributable to the state when a private party conspires with a state actor.  *Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970).

However, as noted above, the complaint's allegations of a conspiracy are conclusory and therefore insufficient to establish that defendants were acting under the color of state law.  *See Tapp v. Champagne*, 164 Fed. Appx. 106, 108 (2d Cir. 2006) (conclusory statement that public defenders conspired with judges and district attorneys to effect a malicious prosecution was

insufficient "even at the pleadings stage" to establish that public defenders were acting under color of state law); *see also Dye v. Radcliff*, 174 Fed. Appx. 480, 483 & n. 1 (11th Cir. 2006) (private individual who told law enforcement officers that the wanted to press charges against plaintiff was not a "state actor" within the meaning of § 1983, despite plaintiff's allegations that private individual had conspired with the officers).  Count Five will therefore be dismissed.

### E.      Intentional Infliction of Emotional Distress (Count Six)

Count Six asserts a claim for intentional infliction of emotional distress.  In Massachusetts, to state such a claim, a plaintiff must allege (1) that the defendant either intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct caused the plaintiff emotional distress; and (4) that the emotional distress was severe and of a nature that no reasonable person could be expected to endure it.  *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45 (1976).

Here, the defendants' conduct credibly alleged by the complaint does not rise to the level of "extreme and outrageous."  Conduct is "extreme and outrageous" only if it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Foley v. Polaroid Corp.*, 400 Mass. 82, 99 (1987).  Recovery for an IIED claim generally "requires more than 'that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'"  *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 195 (1st Cir. 1996) (quoting *Foley*, 400 Mass. at 99).  While "home foreclosure is a terrible event and likely fraught with unique emotions and angst,"

foreclosures, even ones that may involve improper conduct, cannot readily be called "utterly intolerable in a civilized community" in the absence of extreme aggravating factors.  *Moore v. Mortgage Elec. Registration Sys., Inc.*, 848 F. Supp. 2d 107, 136 (D.N.H. 2012) (internal citations omitted).

Because the complaint does not credibly allege conduct sufficiently extreme and outrageous to support an IIED claim, Count Six will be dismissed.

### F.    Intentional Infliction of Mental Anguish (Count Seven)

Count Seven asserts a claim for "intentional infliction of mental anguish."  However, this Court has not been able to locate the existence of a cause of action for intentional infliction of "mental anguish" in Massachusetts law, and the complaint makes no argument in favor of its creation.  Accordingly, the Court reads this claim as a duplicate claim for intentional infliction of emotional distress and Count Seven will be dismissed.

### G.    Unjust Enrichment (Count Eight)

Massachusetts defines unjust enrichment as the "retention of money or property of another against the fundamental principles of justice or equity and good conscience."  *Santagate v. Tower*, 64 Mass. App. Ct. 324, 329 (2005).  To succeed on a claim for unjust enrichment, a plaintiff must show (1) a benefit conferred upon defendant by plaintiff, (2) an appreciation or knowledge by defendant of the benefit, and (3) that acceptance or retention of the benefit under the circumstances would be inequitable without payment for its value.  *See Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 57 (1st Cir. 2009).

Defendants have not challenged the complaint as insufficient to meet one of the necessary elements, but instead contend that a claim for unjust enrichment may not be maintained when a contract between the parties exists, pointing to the mortgage on the property

at issue.  "A plaintiff is not entitled to recovery on a theory of quantum meruit where there is a valid contract that defines the obligations of the parties."  *Boston Med. Ctr. Corp. v. Sec'y of Executive Office of Health & Human Servs.*, 463 Mass. 447, 467 (2012); *see also* Restatement (Third) of Restitution and Unjust Enrichment § 2 (2011) ( "A valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment").

Here, it is clear that the mortgage contract and note define the rights of the parties.  That is true even if (as is commonplace) the homeowner made improvements to the property while the mortgage debt was outstanding.  Count Eight will therefore be dismissed.

### H.    Claims Against State Defendants

For the reasons stated in the Court's order of January 8, 2015, this Court does not have jurisdiction over the claims against the Suffolk Superior Court and the Office of Transcription Services.  Any such claims will therefore be dismissed.

## IV.    Conclusion

Based on the foregoing reasons, defendants' motion to dismiss is GRANTED, and all claims in the amended complaint are hereby DISMISSED.

**So Ordered.**


/s/  F. Dennis Saylor____
F. Dennis Saylor IV
Dated: September 28, 2015                    United States District Judge